**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


IN RE: STARBUCKS CORPORATION MARKETING
AND SALES PRACTICES LITIGATION                                    MDL No. 2725


**ORDER DENYING TRANSFER**


**Before the Panel**:[*] Defendant Starbucks Corporation moves under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Washington.  This litigation consists of three actions pending in three districts, as listed on Schedule A.  Since the filing of the motion, one related action has been filed.  Plaintiffs in all actions oppose centralization.  Alternatively, plaintiffs variously propose selection of the Northern District of California or the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  Although the actions commonly allege that Starbucks misrepresents the quantity of fluid ounces in made-to-order beverages sold in Starbucks stores, the actions concern two distinct categories of Starbucks beverages – beverages made with steamed milk (latte and mocha beverages) and beverages made with ice – which involve different factual theories of liability.  Two actions allege that latte and mocha beverages are underfilled based on recipes and equipment unique to beverages made with steamed milk, and two actions allege that cold drinks are underfilled based on practices unique to beverages made with ice.  These factual dissimilarities likely will result in discovery, pretrial motions, and class certification issues that are not shared across the beverage categories.  Moreover, the central allegation – misrepresentation of the fluid ounces in Starbucks made-to-order beverages – does not appear complex.

Additionally, where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Moving defendant has failed to do so here.  There are only four actions in this litigation, including the potential tag-along action.  Moreover, at oral argument, plaintiffs' counsel in the Northern District of California action (*Strumlauf*) represented that plaintiff in the Southern District of New York action (*Crittenden*) has agreed to transfer *Crittenden* to the Northern District of California, which will facilitate coordination with the *Strumlauf* action pending there.  Additionally, plaintiffs' counsel in all actions represented at oral argument that they will coordinate the depositions of defendant's witnesses to avoid any duplication and coordinate production of overlapping documents.  Starbucks, the sole

---

[*]   Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

-2-

defendant in this litigation, is well-positioned to ensure the successful coordination of any overlapping discovery.

Given the limited number of counsel and actions, the lack of complexity in the issues presented, and the representations made at oral argument, informal cooperation among the parties and the involved courts should be sufficient to minimize duplicative discovery and the risk of inconsistent pretrial rulings. *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles A. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: STARBUCKS CORPORATION MARKETING
AND SALES PRACTICES LITIGATION**                    MDL No. 2725

## SCHEDULE A

<u>Northern District of California</u>

STRUMLAUF, ET AL. v. STARBUCKS CORPORATION, C.A. No. 3:16-01306

<u>Northern District of Illinois</u>

PINCUS v. STARBUCKS CORPORATION, C.A. No. 1:16-04705

<u>Southern District of New York</u>

CRITTENDEN v. STARBUCKS CORPORATION, C.A. No. 1:16-03496